UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JUSTIN LAMAR WINCH | CIVIL ACTION |
| VERSUS | NO. 25-2469 |
| FREEDOM MORTGAGE CORPORATION, *et al.* | SECTION M (2) |

## ORDER & REASONS

Before the Court is an *ex parte* motion for a temporary restraining order and preliminary injunction filed by plaintiff Justin Lamar Winch.[1] Having considered the motion, the complaint, the record, and the applicable law, the Court denies the motion for a temporary restraining order because Winch has not clearly shown that immediate and irreparable injury, loss, or damage will result before the adverse parties can be heard. The Court defers ruling on the motion for a preliminary injunction until the defendants receive notice of the application and have an opportunity to respond.

**I.   BACKGROUND**

This action arises out of Winch's allegations that the defendants have engaged in systematic misconduct in the servicing and collection of Winch's mortgage loan, which is backed by the Federal Housing Administration ("FHA").[2] Winch named the following parties as defendants: Freedom Mortgage Corporation ("Freedom"); Stanley C. Middleman, president and CEO of Freedom; John Does 1-25, employees of Freedom; and Halliday, Watkins & Mann, P.C. ("HWM"), a law firm that conducts debt-collection activities on behalf of Freedom.[3]

---

[1] R. Doc. 5.
[2] R. Doc. 1 at 2-4.
[3] *Id.* at 3-4.

Winch alleges that Freedom services his FHA loan, which is secured by a mortgage on his home.[4] After his July 2025 mortgage payment became overdue, he says that he attempted to pay the delinquent installment, but that Freedom's online payment system did not permit him to pay only his balance due for July.[5] Instead, Freedom's system only permitted him to pay either the entire outstanding balance for the months of July, August, and September, plus inspection fees and late charges, or nothing at all.[6]

At some point in November 2025, Freedom removed Winch's access to its online payment system, preventing him from making any online payments or accessing other functions available on Freedom's online platform.[7] Winch then says that on or about November 12, 2025, he received a letter from Freedom stating that his loan "remains in default" and that failure to cure his default "may" result in acceleration or foreclosure.[8] He also alleges that Freedom's borrower-facing app displayed that his loan was in "active foreclosure," even though he says his loan could not have been in active foreclosure because Freedom never issued a written acceleration notice, which he submits "is a strict prerequisite to foreclosure."[9] Winch further alleges that, also around November 12, 2025, he received a letter from HWM, identifying itself as a debt collector and providing generic collection disclosures, without stating that foreclosure had been initiated, providing a Louisiana sheriff sale date, or attaching and identifying any foreclosure pleading.[10] Finally, Winch alleges that Freedom engaged in "confusing and inconsistent handling of escrow, including

---

[4] *Id.* at 3. Notably, Winch neglected to attach to his complaint any documentation of the terms of the mortgage or loan. As a result, certain claims made by Winch, such as whether acceleration was a prerequisite to foreclosure, are impossible for this Court to analyze.
[5] *Id.* at 7.
[6] *Id.*
[7] *Id.* at 8.
[8] *Id.* at 9.
[9] *Id.* at 8-9 (quote at 9).
[10] *Id.* at 9-10.

2

mortgage insurance charges and corporate advances," which made it unclear to Winch the amount necessary for him to reinstate his loan.[11]

On December 10, 2025, Winch filed the instant action, asserting claims: (1) against Freedom and Middleman for unsafe and unsound mortgage-servicing practices (Count I); (2) against HWM and Freedom for violations of the Fair Debt Collection Practices Act (Count II); (3) against Freedom for violations of the Real Estate Settlement Procedures Act and Regulation X (Count III); (4) against Freedom for violations of the Truth in Lending Act and Regulation Z (Count IV); (5) against all defendants for violations of the Louisiana Unfair Trade Practices Act (Count V); (6) for declaratory judgment against all defendants pursuant to 28 U.S.C. § 2201; (7) for injunctive relief against all defendants; and (8) against Freedom and Middleman for fraud.[12] Winch seeks to have the case certified as a class action.[13]

Winch now asserts that, after he commenced this suit, "Defendants" instituted a foreclosure action against him in Orleans Parish Civil District Court on December 16, 2025.[14] Although his motion for a temporary restraining order and preliminary injunction is less than clear on this point, Winch seems to suggest that the state court issued a writ of seizure and sale.[15] Winch also states that, via correspondence mailed to him in the days before he filed the motion, Freedom expressly extended its loss mitigation consideration period to January 28, 2026, but he does not explain the significance of this date for purposes of the relief he seeks.[16]

---

[11] *Id.* at 11.
[12] *Id.* at 16-32.
[13] *Id.* at 13-16.
[14] R. Doc. 5 at 5-6.
[15] *See id.* At page 6 of the motion, Winch refers the Court to an attached "current status of service of the Orleans Parish Writ," although there is no such attachment to his motion.
[16] *Id.* at 7.

3

## II.   LAW & ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure Rule 65 provides that "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). A preliminary injunction cannot be granted unless notice of the motion has been provided to the opposing party. Fed. R. Civ. P. 65(a)(1).

The movant for a temporary restraining order, like an applicant for a preliminary injunction, must show: (1) a substantial likelihood that the movant will prevail on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the restraining order is not granted (*i.e.,* that there is no adequate remedy at law); (3) the movant's threatened injury outweighs the threatened harm to the party whom the movant seeks to enjoin; and (4) that granting the request for a temporary restraining order will not disserve the public interest. *See PCI Transp., Inc. v. Fort Worth & W. R.R. Co.,* 418 F. 3d 535, 545 (5th Cir. 2005). "A temporary restraining order is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Terry v. Network Funding, LP*, 2016 WL 8674352, at *1 (W.D. Tex. July 20, 2016) (citing *PCI Transp., Inc.*, 418 F.3d at 545).

### B. Analysis

In his motion for a temporary restraining order and preliminary injunction, Winch asks this Court "to prevent Defendants from initiating, continuing, or threatening further unlawful

foreclosure activity or collection conduct on Plaintiff's mortgage loan, to compel the restoration of Plaintiff's payment portal access, to prohibit the addition or assessment of any further fees or charges, and to maintain the status quo while this matter proceeds."[17]

Winch has not shown that he is entitled to an *ex parte* temporary restraining order because he has not clearly pleaded specific facts which show that irreparable injury will result before the defendants can be heard in opposition. To the extent that the TRO seeks the restoration of Winch's payment portal access or the prohibition of further fees, the Court does not see how irreparable injury – that is, injury which could not be cured by monetary damages – would occur without this Court's ordering this requested relief. Then, although he alleges that a foreclosure action has been initiated, he has not provided any details about (or even alleged) a pending foreclosure sale. He does not provide a notice of foreclosure, nor does he provide the date of a scheduled foreclosure or any evidence that the defendants have scheduled the property for foreclosure. Because of the conclusory nature of the allegations in the complaint and motion in this regard, this Court cannot even determine with certainty which of the defendants instituted the foreclosure action and might be seeking to repossess his home. In sum, Winch has not carried his burden of demonstrating a substantial threat that he will suffer immediate irreparable injury if the restraining order is not granted.

In addition, Winch has not shown that he has a likelihood of success on the merits. He pleads a number of claims, generally reciting the elements of those claims in conclusory fashion, but he has again failed to plead specific factual allegations tied to provisions of the mortgage or servicing documents, as to show that he has a likelihood of success on the merits. This begs the question whether he could have raised these arguments as defenses in the state-court foreclosure

---

[17] R. Doc. 5 at 1.

proceeding, where the judge there could weigh these arguments against the relevant provisions of the documents missing here.

Having failed to show both irreparable injury and a likelihood of success on the merits, Winch's motion is denied insofar as it seeks a temporary restraining order.  Further, by rule, a Court cannot issue a preliminary injunction unless the adverse party has received notice of the application.  Although Winch has certified that he has attempted to notify all defendants of the present motion, he has not provided this Court with evidence of such notice.  As a result, the Court will defer ruling on the request for a preliminary injunction until the defendants receive notice and have an opportunity to respond.

Finally, the Court observes that Winch's application for injunctive relief (whether as a TRO or preliminary injunction) can be read as indirectly seeking to enjoin the state-court foreclosure litigation, but this Court is prohibited from issuing an order to that effect.  Viewed in this way, Winch's request for injunctive relief

> necessarily implicates the Anti-Injunction Act (AIA), 28 U.S.C. § 2283. The AIA provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. This Act "has been interpreted consistently as an absolute bar to any federal court action that has the effect of staying a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions." *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 131-32 (5th Cir. 1990). These exceptions are each construed narrowly and should not be broadened by "loose statutory construction." *Gibbs v. Lufkin Indus., Inc.*, 487 Fed. App'x. 916, 919 (5th Cir. 2012). As to the "necessary in aid of jurisdiction" exception, courts have found that it applies "only where a state proceeding threaten[s] to dispose of property that form[s] the basis for federal in rem jurisdiction or where the state proceeding threaten[s] the continuing superintendence by a federal court." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002). "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297 (1970).

*Glass v. Finley*, 2019 WL 13172344, at *2 (W.D. La. Sept. 17, 2019) (quoting *Hart v. Wells Fargo Bank, N.A.*, 2014 WL 12531171, at *1 (N.D. Tex. Apr. 30, 2014)).  The injunctive relief which Winch seeks in this case – barring litigants from proceeding in a pending state-court action – at least indirectly has "the effect of staying a pending state court proceeding." *Phillips*, 894 F.2d at 131-32.  And Winch has not provided evidence of this Court's authority to enjoin such proceedings.

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Winch's motion for a temporary restraining order and preliminary injunction (R. Doc. 5) is DENIED insofar as it seeks a temporary restraining order and DEFERRED insofar as it seeks a preliminary injunction.

New Orleans, Louisiana, this 27th day of January, 2026.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE