UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUSTIN LAMAR WINCH | * | CIVIL ACTION |
| VERSUS | * | NO. 25-2469 |
| FREEDOM MORTGAGE CORPORATION, ET AL. | * | SECTION "M" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Justin Lamar Winch's Motion to Compel Discovery Responses and Production, to Recognize Requests for Admission as Deemed Admitted, and for Expenses. ECF No. 37. Defendant Freedom Mortgage Corporation timely filed a Memorandum in Opposition as well as its own Motion for Protective Order Concerning Confidential Materials. ECF Nos. 44 & 45. Plaintiff did not file a Memorandum in Opposition to Defendant's Motion for Protective Order, and the deadline for filing same expired on Tuesday, October 13, 2026. *See* E.D. La. L.R. 7.5. Nor did Plaintiff file a Reply Memorandum in support of his motion, and that deadline expired on Monday, October 19, 2026. *Id.* No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record and the applicable law, Plaintiffs' Motion to Compel Discovery Responses and Production, to Recognize Requests for Admission as Deemed Admitted, and for Expenses (ECF No. 37) is DENIED and Defendant's Motion for Protective Order Concerning Confidential Materials (ECF No. 45) is GRANTED for the reasons stated herein.

## I. BACKGROUND

Plaintiff Winch filed this putative class action against numerous defendants alleging (1) unsafe and unsound mortgage servicing practices; (2) violations of the Fair Debt Collection Practices Act; (3) RESPA/Regulation X violations; (4) TILA/Regulation Z violations; (5) unfair

trade practices; and (6) fraud. ECF No. 1. By Order and Reasons dated April 6, 2026, the Honorable Barry W. Ashe dismissed the majority of Plaintiff's claims without prejudice, but allowed Plaintiff to amend. ECF No. 16, at 21.[1] Plaintiff filed an Amended Complaint against Freedom Mortgage Corporation ("Freedom Mortgage") only for breach of contract and violations of RESPA/Regulation X in relation to the servicing of his mortgage loan. ECF No. 22. On June 17, 2026, Judge Ashe dismissed the RESPA/Regulation X claim, leaving only the breach of contract claim. ECF No. 28. Trial is scheduled for April 19, 2027, with a discovery deadline of March 19, 2027. ECF No. 35, at 2, 4.[2]

Plaintiff served his first set of discovery on June 24, 2026. ECF No. 37-4. Defendant did not respond to the discovery within thirty days (i.e., by July 24, 2026). Although the parties engaged in settlement discussions, Plaintiff did not agree to extend any deadlines. ECF No. 37-11, at 5. Defendant requested a meet-and-confer, which was scheduled for August 5, 2026. *Id*. at 2–4. After the meet-and-confer, the parties proceeded to negotiate the terms of a stipulated protective order, but their negotiations reached an impasse on September 1, 2026. ECF No. 37-10. Plaintiff then filed his Motion to Compel, which included a Rule 37.1 Certification stating, in pertinent part:

> Plaintiff certifies that the parties conferred in good faith regarding the overdue discovery . . . on August 5, 2026 . . . . The topics included Freedom's overdue written responses and document production, the scope of the discovery, and Freedom's position concerning confidentiality and protective-order treatment. The conference began at 2:00 p.m. and lasted approximately 20 minutes. The conference did not resolve Freedom's failure to respond.

ECF No. 37-1, at 12.

[1] Judge Ashe dismissed Count II (violations of the Fair Debt Collection Practices Act) with prejudice as amendment would be futile. ECF No. 16, at 21.

[2] Both parties stated that all discovery must be completed by January 20, 2027. ECF Nos. 37-1, at 3; 44, at 9. This statement was likely based on a typographical error on the Court's docket. The docket has since been corrected to reflect the discovery deadline date that was always in the text of the scheduling order, March 19, 2027. ECF No. 25, at 2.

In his Motion to Compel, Plaintiff argues that Defendant's failure to respond to any discovery violates Rules 33, 34, and 36 of the Federal Rules of Civil Procedure. ECF No. 37-1, at 5. He contends that negotiations over the protective order did not extend or stay Defendant's already-lapsed deadline. *Id.* at 6–7. In any event, Plaintiff argues that disputes over a protective order should have had no effect on the production of documents related to Plaintiff himself. *Id.* at 7. Plaintiff further argues that all objections (besides attorney-client privilege, work-product protection, and confidentiality) have been waived and that all nineteen Requests for Admission should be deemed admitted by Defendant's failure to timely respond. *Id.* at 9. Plaintiff seeks responses to his written discovery, production of documents, and his reasonable expenses under Rule 37(a)(5)(A). *Id.* at 10–11. For unknown reasons, Plaintiff failed to attach his discovery requests as an exhibit to his motion seeking to compel responses to same.[3]

In its opposition to the Motion to Compel, Defendant states that it has now served responses and objections to Plaintiff's Interrogatories and Requests for Admission. ECF No. 44, at 1. It also filed a Motion for Protective Order Concerning Confidential Materials, submitting a proposed protective order to govern discovery, on that same day. ECF No. 45. Defendant asserts that it is cooperating in discovery and has been in active negotiations with Plaintiff regarding a protective order that was necessary before it could provide discovery responses. ECF No. 44, at 1. Defendant argues that a protective order is necessary and a finding of waiver improper because Plaintiff's requests go beyond routine loan-file discovery, are directed to the now dismissed class action allegations, do not protect confidential information from use outside of this litigation, and are overbroad and unduly burdensome. *Id*. at 3–7. It also asks that the admissions not be deemed

[3] While Plaintiff's Exhibit Index indicates that Exhibit A would include the discovery requests along with the service email, the requests were not attached. ECF Nos. 37-1, at 13; 37-4.

admitted because resolution on the merits is the preferred course and denies jeopardizing the discovery deadline. *Id*. at 7–11. Defendant asserts that there is good cause for a protective order to prevent disclosure of its confidential information and trade secrets, and seeks to limit Plaintiff's use of any information produced to the confines of this litigation. ECF No. 45-1, at 1-2.

Although Plaintiff did not attach its discovery requests to its Motion to Compel, Defendant attached same to its Motion for Protective Order. ECF No. 45-2. Defendant did not, however, attach its responses although Defendant did attach its proposed protective order. ECF No. 45-4.

## II. APPLICABLE LAW

### A. Scope of Discovery

Courts have broad discretion in discovery matters.[4] Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to obtain in discovery "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Information need not be admissible into evidence to be discoverable.[5] Rather, information merely needs to be proportional and relevant to any claim or defense.[6] "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession."[7]

### B. Interrogatories and Requests for Production

Parties must respond to interrogatories and requests for production within 30 days of service, absent court order or stipulation.[8] "Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."[9] And all objections must be stated

---

[4] *Crosswhite v. Lexington Ins. Co.*, 321 F. App'x 365, 367 (5th Cir. 2009).
[5] FED. R. CIV. P. 26(b)(1).
[6] *Id.*
[7] *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).
[8] FED. R. CIV. P. 33(b)(2); 34(b)(2)(A).
[9] *Id.* 33(b)(3).

with specificity.[10] "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."[11] "Discovery by interrogatory requires candor in responding. . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information."[12] Although a party responding to interrogatories is not required to make an extensive investigation in responding to an interrogatory, it must review all sources of responsive information reasonably available and provide the relevant facts.[13]

For each request for production, the respondent must state its objection with specificity or produce copies of the documents or electronically stored information.[14] Any objection must state whether any responsive documents have been withheld.[15] A party responding to requests for production must produce responsive documents within that party's possession, custody or control.[16]

The failure to provide timely written answers to interrogatories and requests for production may, and generally does, result in a waiver of objections.[17] To avoid waiver, the party must establish good cause.[18] Courts consider various factors in assessing good cause: "(1) the length

---

[10] *Id.* (b)(4).
[11] *Id.*
[12] *Dollar*, 561 F.2d at 616–17.
[13] *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 579 (N.D. Tex. 2018).
[14] FED. R. CIV. P. 34(b)(2)(B).
[15] *Id*. 34(b)(2)(C).
[16] *Id.* 34(a)(1).
[17] *Id.* 33(b)(4); *see also In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."). Although Rule 34 does not explicitly provide for waiver, the Fifth Circuit has applied Rule 33's waiver provision to Rule 34 requests. *In re United States*, 864 F.2d at 1156. The waiver principle generally does not apply to documents withheld on the basis of privilege or immunity. *B&S Equip. Co. v. Truckle Servs., Inc*., No. 09-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections other than attorney-client privilege or work product); 8 WRIGHT, & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2016.1 n.1 (3d ed. 2026)
[18] *See, e.g.*, *Solorzano v. Shell Chem. Co*., No. 00-31191, 2001 WL 564154, at *1, 4 (5th Cir. May 18, 2001) (upholding lower court's order allowing party to respond to interrogatories with objections after failure to respond or raise any objections within the 30-day period); *see also Nugent v. Scott Fetzer Co*., No. 19-14759, 2020 WL 1322268, at *5 (E.D. La. Mar. 20, 2020) (citation modified) ("[T]he failure to act timely will not bar consideration of objections in unusual circumstances and for good cause shown."); *Seals v. Shell Oil Co*., No. 12-1983, 2013 WL 12439172, at *3 (E.D. La. June 21, 2013) (citation modified) (failure to respond to discovery requests operates as a "waiver of its objections, unless the court excuses that failure for good cause").

of the delay or failure to particularize; (2) the reason for the delay or failure to particularize; (3) whether there was any dilatory or bad faith action on the part of the party that failed to raise the objection properly; (4) whether the party seeking discovery has been prejudiced by the failure; (5) whether the document production request was properly framed and not excessively burdensome; and (6) whether waiver would impose an excessively harsh result on the defaulting party."[19] This is a fact-dependent issue that must be determined on a case-by-case basis.

The failure to timely object, however, does not constitute *automatic* waiver. Courts typically reserve the waiver "sanction for those cases where the offending party committed unjustified delay in responding to discovery" rather than for "[m]inor procedural violations, good faith attempts at compliance," and in cases with other mitigating circumstances.[20] Thus, even in the absence of good cause, the court retains discretion to decline to compel a discovery response when the request "far exceeds the bounds of fair discovery, even if a timely objection has not been made."[21]

**C. <u>Requests for Admission</u>**

Rule 36 authorizes a party to request another party "to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)" relating to facts, application of law to facts, or opinions about either.[22] Subsection (a)(3) provides: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the

[19] *Enron Corp. Savings Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 157 (S.D. Tex. 2009) (citation modified); *see also Salman v. Balderas*, No. 18-10966, 2019 WL 11005040, at *3 (E.D. La. Aug. 2, 2019).
[20] *Salman*, 2019 WL 11005040, at *3 (quoting *Enron*, 258 F.R.D. at 156–57).
[21] *Deane v. Dynasplint Sys., Inc.*, No. 10-2085, 2015 WL 1638022, at *2 (E.D. La. Apr. 13, 2015) (refusing to find waiver where the requested information "far exceeds the bounds of fair discovery"); *Schooler v. Wal-Mart Stores, Inc.*, No. 14-2799, 2015 WL 4879434, at *1 (E.D. La. Aug. 14, 2015) (refusing to find waiver as to work product, confidentiality, and attorney-client privilege); *Cheshire v. Air Methods Corp.*, No. 15-933, 2015 WL 7736649, at *3 (W.D. La. Nov. 30, 2015) (finding 7-day delay in responding to discovery not so egregious to constitute waiver of objections where objections were few in number and specific); *Meche v. Maint. Dredging, Inc.*, No. 10-3653, 2012 WL 519882, at *2 (E.D. La. Feb. 16, 2012) (refusing to find waiver of privacy objections).
[22] FED. R. CIV. P. 36(a)(1)(A).

requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

Unlike interrogatories and requests for production, Rule 37 does not provide for a motion to compel answers to Rule 36 requests for admission nor does it contemplate a motion to deem requests admitted.[23] Instead, the requesting party may file a motion to determine the sufficiency of an answer or objection.[24] Otherwise, Rule 36(a)(3) specifies that a matter is deemed admitted unless, within thirty days of service, the party to whom the request is directed provides a written answer or objection addressed to the matter and signed by the party or its attorney. Rule 36 is self-executing, and thus, properly served requests for admission are deemed admitted by operation of law without the necessity of a motion.[25] If, however, the requests for admission were served prematurely, they will not be deemed admitted.[26]

"[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)."[27] A litigant that wishes to avoid the consequences of failing to timely respond to

---

[23] *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 416 (N.D. Tex. 2021).

[24] FED. R. CIV. P. 36(a)(6).

[25] *See Am. Gen. Life Ins. Co. v. Whitaker,* 971 F.3d 539, 540 n.2 (5th Cir. 2020) (quoting *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014) ("Under Rule 36(a), a matter in a request for admissions is deemed admitted unless the party to whom the request is directed answers or objects to the matter within thirty days. . . . Rule 36 admissions are conclusive as to the matters admitted and cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the record. . . .We have 'stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b).'"); *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008) (noting that any requests for admissions that are not answered or objected to within thirty days are deemed admitted as a matter of law); *Vincent v. McNeil & Meyers Receivables Mgmt. Grp., L.L.C.*, No. 19-11298, 2019 WL 13215399, at *1 (E.D. La. Dec. 20, 2019) ("Defendant failed timely to respond . . . [t]hus, all matters in the requests were deemed admitted by operation of law under Fed. R. Civ. P. 36(a)(3)."); *see also Giovanni v. Cain*, No. 13-566, 2014 WL 2084895, at *2 (M.D. La. May 19, 2014); *Santiny Contractors, LLC v. Sayania*, No. 19-780, 2021 WL 641379, at *1 (M.D. La. Jan. 19, 2021) (denying motion as moot); *Aguirre v. Asti Home Care, LLC*, No. 18-149, 2019 WL 12536902, at *2 (W.D. Tex. Apr. 25, 2019) (observing that "it is not clear that Plaintiff needed to file [her] Motion to deem admitted her requests for admission" because "a request for admission is deemed 'admitted by default' in the absence of a timely response").

[26] *See, e.g.*, FED. R. CIV. P. 26(d)(2)(B) (addressing response deadline for prematurely served Rule 34 requests but not providing deadline for premature Rule 33 or 36 discovery); *Escamilla v. United States*, No. 21-510, 2022 WL 2657129, at *6 n.3 (E.D. Wis. July 8, 2022), *aff'd*, 62 F.4th 367 (7th Cir. 2023).

[27] *In re Carney,* 258 F.3d 415, 419 (5th Cir. 2001); *see also Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120–21 (5th Cir. 1991) (holding a district court may not *sua sponte* allow for the withdrawal or amendment of admissions).

Rule 36 requests for admissions must move the court to amend or withdraw the default admissions in accordance with the standard outlined in Rule 36(b), which provides: "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."[28]

The Court may allow a party to withdraw a deemed admission if same (1) would serve the presentation of the case on its merits, and (2) not prejudice opposing party who obtained the admissions. Under the first prong, the court considers "whether refusing to permit withdrawal or amendment would have the practical effect of eliminating any presentation of the merits of the case, whether the admission is contrary to the record of the case, whether the admission is no longer true because of changed circumstances, and whether a party has made an honest error.[29]

Prejudice under the second prong does not arise simply because the party who obtained the admission will now have to convince the fact finder of its truth or incur costs of discovery to replace the deemed admissions.[30] Rather, the necessary prejudice relates to the difficulty a party may face in proving its case, such as the unavailability of key witnesses as a result of the sudden need to obtain evidence with respect to the questions previously answered by the admission.[31] Courts also consider the timing of the motion, the time remaining before expiration

---

[28] *In re Carney,* 258 F.3d at 419.
[29] *Aircraft Holding Sols., LLC v. Learjet, Inc.*, No. 18-823, 2021 WL 2434840, at *2 (N.D. Tex. June 15, 2021) (quoting *Fakhuri v. Farmers New World Life Ins. Co.*, No. 09-1093, 2010 WL 3701575, at *2 (S.D. Tex. Sept. 16, 2010).
[30] *N. La. Rehab. Ctr., Inc. v. United States*, 179 F. Supp. 2d 658, 663 (W.D. La. 2001).
[31] *Wild v. St. Tammany Par. Hosp. Serv. Dist. No. 1*, No. 19-10931, 2021 WL 6446363, at *2 (E.D. La. Mar. 30, 2021); *see also AAA Legal Clinic*, 930 F.2d at 1120; *Farr Man & Co. v. M/V Rozita*, 903 F.2d 871, 876 (1st Cir. 1990); *Fakhuri,* 2010 WL 3701575, at *2.

of the discovery deadline, and the diligence of the party.[32] Regardless, "[e]ven if a party establishes these two factors, the court retains discretion to deny a request to withdraw an admission."[33]

**D. <u>Protective Orders</u>**

Under Rule 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[34] "Good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order.[35] "In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information."[36]

Protective orders applicable during the discovery stage, when parties are exchanging information, honor a party's legitimate privacy interests while facilitating the efficient exchange of information.[37] The court enjoys wide discretion in setting the parameters of a protective order.[38] Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters.[39] A district court may exercise its sound discretion in determining how far to restrict discovery, and in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's

---

[32] *Branch Banking & Tr. Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 660 (E.D.N.C. 1988) (denying withdrawal where party, with due diligence, could have accessed the information needed to respond to request for admissions yet had failed to do so); *N. La. Rehab. Ctr.*, 179 F. Supp. 2d at 663 (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery).
[33] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 244 (5th Cir. 2014).
[34] FED. R. CIV. P. 26(c)(1).
[35] *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994).
[36] *Blanchard & Co. v. Barrick Gold Corp*., No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).
[37] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021) (distinguishing between producing confidential documents subject to a protective order versus filing documents in the court record under seal).
[38] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").
[39] FED. R. CIV. P. 26(c)(1)(D).

sound discretion.[40] Thus, the Federal Rules of Civil Procedure empower a district court to limit the use of discovered documents or information.[41] Indeed, district courts may properly issue protective orders that restrict the use of discovery materials to the present litigation because such limitations are neither "unduly constricting" nor an abuse of discretion.[42] In order to overcome a district court's broad discretion to limit the sharing of discovery materials, a party must establish prejudice beyond "claim[s of] harm from the inability to share and compare information with other litigants in other cases."[43] And while some courts allow sharing amongst "similarly situated" litigants,[44] "the trend appears to be away from inclusion of sharing provisions in protective orders," and "other courts, particularly in the federal system, have been hostile to upfront sharing provisions."[45]

**E. <u>Rule 37 Sanctions</u>**

Rule 37 requires the imposition of reasonable expenses, including attorneys' fees, when: (1) a motion to compel is granted or (2) the requested disclosure or discovery is produced after the motion was filed.[46] There are only three exceptions to the imposition of expenses. First, "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action."[47] Second, "the opposing party's nondisclosure, response, or objection was substantially justified."[48] Or, third, "other circumstances make an award of expenses unjust."[49]

---

[40] *Nguyen v. Excel Corp*., 197 F.3d 200, 209 n.27 (5th Cir. 1999).
[41] FED. R. CIV. P. 26(c); *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 685 (5th Cir. 1985).
[42] *Scott v. Monsanto Co*., 868 F.2d 786, 792 (5th Cir. 1989).
[43] *Id*.
[44] *Patterson v. Ford Motor Co.,* 85 F.R.D. 152, 153–54 (W.D. Tex. 1980) (allowing sharing of discovery amongst plaintiffs in products liability actions against same motor company involving the same products).
[45] *Rosas v. Goodyear Tire & Rubber Co*., No. 18-101, 2019 WL 3308481, at *5 (S.D. Tex. June 3, 2019) (citation modified) (collecting cases).
[46] FED. R. CIV. P. 37(a)(5)(A).
[47] *Id.* (i).
[48] *Id.* (ii).
[49] *Id.* (iii).

The purpose of discovery sanctions are to secure compliance with the rules of discovery, deter others from violating them, and punish those who do violate them.[50] The presence of good faith (or lack thereof) is relevant to the sanctions analysis.[51] While a finding of bad faith or willful misconduct is required to support the severest remedies under Rule 37(b) (i.e., striking pleadings or dismissing a case), lesser sanctions do not require a finding of willfulness.[52]

## III. ANALYSIS

Defendant Freedom Mortgage failed to deliver timely written responses to discovery. Although that failure would ordinarily result in a waiver of objections other than privilege, neither party addresses the relevant factors of good cause and prejudice. Nor did Plaintiff file a reply addressing whether Defendant's delinquent discovery responses, which have not been provided by either party, sufficiently respond to the requests. Considering the ongoing discussions between the parties despite the lapsed deadline, Defendant's assertion that the delay was attributable to the need for a protective order, the absence of any allegations of dilatory or bad faith conduct, the absence of any prejudice given that discovery does not close until March 2027, the assertion that much of the discovery is directed to dismissed claims, and the excessively harsh result of a finding of waiver, the Court declines to find that Defendant's delay has resulted in a wholesale waiver of any objections. Of course, if Plaintiff believes that any particular discovery response is insufficient or any particular objection is improper, he may file a motion to compel that identifies the particular matters at issue.

---

[50] *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976).
[51] *Echeverry v. Padgett*, No. 17-6494, 2019 WL 4572786, at *2 (E.D. La. Sept. 20, 2019).
[52] *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488–89 (5th Cir. 2012) (quoting *Chilcutt v. United States*, 4 F.3d 1313, 1323 n.23 (5th Cir. 1993) (explaining in a parenthetical that "district courts 'have authority to grant a broad spectrum of sanctions' under Rule 37(b), and 'neither this Court nor the Supreme Court has ever determined that the lack of willful, contumacious, or prolonged misconduct prohibits all sanctions'")).

With regard to the Requests for Admission, absent a motion by Defendant to withdraw or amend same, the requests are automatically deemed admitted as Rule 36 is self-executing.

The Court agrees that Defendant's proposed protective order is appropriate, and Plaintiff has failed to file a memorandum in opposition to entry of that proposed protective order. Further, the protective order appears to be modeled on this Court's sample protective order, which appropriately limits the use of documents obtained during discovery to use in this litigation.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel Discovery Responses and Production and for Expenses (ECF No. 37) is DENIED WITHOUT PREJUDICE. After a specific meet and confer as to any particular discovery requests that Plaintiff deems insufficient, Plaintiff may re-file a motion to compel that identifies the particular discovery request and response, with his supporting arguments as to each particular matter.

IT IS FURTHER ORDERED that Plaintiff's Motion to Recognize Requests for Admission as Deemed Admitted (ECF No. 37) is DENIED AS UNNECESSARY.

IT IS FURTHER ORDERED that Defendant's Motion for Protective Order Concerning Confidential Materials (ECF No. 45) is GRANTED. The Court will enter the proposed protective order.

New Orleans, Louisiana, this 22nd day of October, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE